**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>  v.<br><br>MISAEL MANJARREZ-FELIX,<br><br>  Defendant - Appellant. | No. 12-10484<br><br>D.C. No. 4:10-cr-02695-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Misael Manjarrez-Felix appeals from the district court's judgment and

challenges the four-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Manjarrez-Felix contends that the district court erred by ordering his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

revocation sentence to run consecutively to his sentence for illegal reentry.  He argues that U.S.S.G. § 5D1.1(c) creates a presumption that the court impose a concurrent sentence when a deportable alien is sentenced for violating supervised release.  We disagree.  Section 5D1.1(c) concerns the imposition of a term of supervised release, not the sentence to be imposed upon revocation.  *See* U.S.S.G. § 5D1.1(c) (2011).  Contrary to Manjarrez-Felix's argument, the Guidelines recommend that the court impose a consecutive sentence for a supervised release violation.  *See* U.S.S.G. § 7B1.3(f).

Manjarrez-Felix next contends that his sentence is substantively unreasonable because it creates unwarranted sentencing disparities.  Contrary to his claim, Manjarrez-Felix is not similarly situated to defendants who are not serving terms of supervised release.  The district court did not abuse its discretion in imposing Manjarrez-Felix's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  In light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors, the consecutive sentence is substantively reasonable.  *See id*.

**AFFIRMED.**